1  KEKER & VAN NEST, LLP
   ELLIOT R. PETERS - #158708
2  DAVID J. SILBERT - #173128
   710 Sansome Street
3  San Francisco, CA 94111-1704
   Telephone: (415) 391-5400
4  Facsimile: (415) 397-7188

5  Attorneys for Defendants
   CYRIL V. SMITH and ZUCKERMAN SPAEDER LLP
6

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11 | BENJAMIN LYNCH,                        | Case No. C 08 00728 JF RS
12 |                    Plaintiff,          | **DECLARATION OF CYRIL V. SMITH**
13 |    v.                                  | Date:   Fri., May 2, 2008
   |                                        | Time:   9:00 a.m.
14 | CYRIL V. SMITH and ZUCKER SPAEDER      | Judge:  Hon. Jeremy Fogel
   | LLP,                                   |
15 |                                        | Date Comp. Filed:   October 18, 2007
   |                    Defendants.         |
16 |                                        | Trial Date: None set.

17

...

28

411167.01

Attached hereto as Exhibit A is the Declaration of Cyril V. Smith submitted in support of Defendants' Motion to Dismiss for Improper Venue, or In the Alternative, to Transfer Venue.

Dated: February 12, 2008          KEKER & VAN NEST, LLP

By: /s/ David J. Silbert
DAVID J. SILBERT
Attorneys for Defendants
CYRIL V. SMITH and ZUCKERMAN SPAEDER LLP

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN LYNCH,

        Plaintiff

v.

CYRIL V. SMITH and
ZUCKERMAN SPAEDER LLP,

        Defendants.

Civil Action No. C 08-00728 JF

## DECLARATION OF CYRIL V. SMITH

I, Cyril V. Smith, submit this unsworn declaration under penalty of perjury pursuant to 28 U.S.C. § 1746.

1.    I am a member of the Bar in the District of Columbia and in the State of Maryland, and a defendant in this proceeding. I submit this declaration in support of defendants' Motion to Dismiss for Improper Venue or, in the Alternative, to Transfer Venue. I have personal knowledge of all facts stated herein, or have learned them through review of documents and records maintained and prepared in the ordinary course of business, and could competently testify to those facts if required.

2.    I am a partner in the Baltimore office of Zuckerman Spaeder LLP ("ZS"), which is a limited liability partnership organized under Maryland law. I reside in Baltimore, Maryland.

3.    ZS's principal office is in Washington, D.C. ZS has no offices in the Northern District of California, and none of its partners reside in that District either. Many ZS partners in its Washington and Baltimore offices, in addition to me, reside in Maryland.

4.   Before representing Ben Lynch, I won the first case ever against the NFL pension plan, for the estate of ex-NFL player Mike Webster of the Pittsburgh Steelers. I won the Webster case in federal district court in Baltimore in 2005, *Jani v. Bert Bell/Pete Rozelle NFL Player Retirement Plan*, No. 04-1606, 2005 WL 1115250 (D. Md. April 26, 2005), and that decision was affirmed on appeal by the Fourth Circuit in December 2006. *Jani v. Bell*, 2006 WL 3623047 (4th Cir. Dec. 13, 2006).

5.   Ben Lynch subsequently contacted me to discuss his disability pension claim. All discussions with Mr. Lynch regarding the case took place by telephone, email and letter; neither I nor any other ZS attorney traveled to California at any time in connection with the matter.

6.   I filed suit on Ben Lynch's behalf (the "Baltimore Case") in the same federal court where the Webster case had been filed, in Baltimore where the defendant pension plans maintain their offices. The Defendants in the Baltimore Case were represented by a Washington, D.C. law firm, the Groom Law Group.

7.   After filing suit, I negotiated a settlement which gave Mr. Lynch virtually all the relief sought in the Complaint. I conducted those negotiations by telephone and email with the NFL Plan's Washington, D.C. attorneys, keeping Lynch informed by telephone and email. All of these activities took place from my office in Baltimore, Maryland, with the exception of several telephone calls from Rochester, New York, where I was then visiting my family on vacation.

8.   I drafted the contingency fee agreement that Mr. Lynch has complained about at my office in Baltimore, Maryland.

2

9. The remaining events of which Mr. Lynch complains – such as the approval of the case as a contingent fee matter before suit was filed -- took place in Washington, D.C., the site of our main office.

10. The "property" that is the subject of this dispute consists of the disputed attorneys' fees, which are in turn a share of the disability benefits that I obtained for Ben Lynch in the Baltimore Case. Those disability benefits have not yet been paid, and to the best of my knowledge they remain in the possession, custody and control of the NFL Plan, which is located in Baltimore, Maryland, or its attorneys located in Washington. Maryland law provides for the imposition of an attorney's lien (§ 10-501, Bus. Occ. & Profs. Art.; Md. Rule 2-652(b)); D.C. Rule of Professional Conduct 1.15 provides for parallel relief. By letter dated October 18, 2007, I notified the NFL Plan's Washington, D.C. attorneys of ZS's interest in the settlement proceeds and instructed them to safeguard those funds in an interest-bearing account. Mr. Lynch has not paid ZS or me anything to date for our services in connection with this matter.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 12, 2008 in Baltimore, Maryland.

*[signature]*

3